**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Douglas Lancaster, Diana Lancaster,<br><br>    Debtors.<br>_____<br><br>United States of America,<br><br>    Movant. | No. CV-13-08101-PCT-GMS<br><br>**ORDER** |

      The United States has filed a Motion to Withdraw the Reference of the Debtors' Objection to the IRS Proof of Claim. (Doc. 2.) Debtors' Objection was filed as part of their bankruptcy proceeding (Case No. 3:11-bk-32905-RJH). Debtors have not objected or responded to the Motion. The Motion is granted.

      Under the governing statute, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U .S.C. § 157(a). This District refers all bankruptcy cases to the bankruptcy court. *See* General Order 01–15 (June 29, 2001). However, district courts "may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

      When determining whether there is cause to withdraw, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity

of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Further, courts "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn*.*" *In re Orion*, 4 F.3d at 1101 (cited approvingly by the Ninth Circuit in *Sec. Farms*, 124 F.3d at 1008). "[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues", and "may enter appropriate orders and judgments." *Id.* (internal quotation and citation omitted).

The United States has not briefed the question of whether Debtors' Objection to the IRS Proof of Claim (Doc. 25 in the bankruptcy matter) is a core claim. According to the government, the IRS filed a claim against the estate in the amount of $62,180.37 based on violations of 26 U.S.C. § 6672. Debtor Douglas Lancaster has objected to the claim. The United States agrees that bankruptcy court has jurisdiction over the objection. *See* 11 U.S.C. § 505(a) ("[T]he court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.")

Core proceedings include allowance or disallowance of claims against the estate. 28 U.S.C. § 157(b)(2)(B). Accordingly, the determination of a debtor's tax liability when the IRS has filed a claim against the estate is a core claim. *See, e.g.*, *In re Educators Inv. Corp.*, 59 B.R. 910, 913–14 (Bankr. D. Nev. 1986); *In re Lipetzky*, 64 B.R. 431, 434 (Bankr. D. Mont. 1986). *Cf. Dunmore v. United States*, 358 F.3d 1107, 1115 (9th Cir. 2004) (finding non-core claim where plaintiff—whose estate was in bankruptcy—asserted a claim for a tax refund against the IRS).

Nevertheless, "[t]he determination of whether claims are core or non-core is not dispositive of a motion to withdraw a reference . . . ." *Hawaiian Airlines, Inc. v. Mesa Air*

*Grp., Inc.*, 355 B.R. 214, 223 (D. Haw. 2006). Considerations of judicial economy and efficiency play an important role in these determinations. *Id.*; *Sec. Farms*, 124 F.3d at 1008. Assessment of penalties under the relevant statute typically involves multiple parties. *See Turner v. United States,* 423 F.2d 448, 449 (9th Cir. 1970). As the United States emphasizes, in this particular type of case, proper consideration would allow the United States to name other non-debtor parties as counterdefendants. Withdrawal of the reference to the bankruptcy court would allow for efficient adjudication of the liability for all persons in one civil action as opposed to multiple suits. Thus, although Debtor Douglas Lancaster's objection is a core claim, it is a discreet issue and considerations of judicial economy weigh in favor of withdrawal. In addition, the fact that Debtors did not file a Response or Objection "may be deemed consent to the . . . granting of the motion." L.R. Civ. 7.2(i).

**IT IS THEREFORE ORDERED** that the unopposed Motion to Withdraw the Reference to the Bankruptcy Court (Doc. 2) is **GRANTED** and reference of Debtor Douglas Lancaster's Objection to IRS Proof of Claim (Doc. 25 in case 3:11-bk-32905-RJH) is withdrawn pursuant to 28 U.S.C. § 157(d)**.** All further proceedings in this adversary proceeding shall be before this Court.

Dated this 1st day of August, 2013.

_____
/G. Murray Snow
United States District Judge